UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TRAVIS LEWIS ROBINSON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No.: 3:22-CV-288-TAV-DCP ) |
| SHERIFF TOM SPANGLER, CPL. BAKER, CPL. ALLEN, C.O. MORRELL, C.O. FIGHT, C.O. SPARKS, CPL. HARRIS, C.O. COGER, C.O. WEBB, C.O. ADJERENO, and C.O. SPARKS, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Knox County Detention Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding various incidents during his confinement [Doc. 1 p. 3–4, 6–7] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and Plaintiff will have thirty (30) days from the date of entry of this order to file an amended complaint.

I. **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.

2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

    **B.**    **Analysis**

        **1.**    **Complaint Allegations**

Plaintiff first states that Defendant Sheriff Spangler's only involvement in the claims underlying the complaint is that he is the Sheriff who employs the other Defendants [Doc. 1 p. 3]. Plaintiff then lists ten separate claims in his complaint, which the Court interprets as follows:

1. On January 2, 2022, Plaintiff filed a grievance because, on an unspecified day, Defendant Cpl. Harris called Plaintiff "[a]n [*]ss[]hole multiple times" before stating "[a]t least I'm not [i]n jail" [*Id.* at 4];

2. On March 4, 2022, Defendant Officer Coger searched Plaintiff's cell multiple times, and when Plaintiff asked him why he was doing this, Defendant Coger responded, "I can do whatever the f[*]ck I want to" [*Id.*];

3. On March 5, 2022, Defendant Officer Webb came to Plaintiff's cell, opened the flap, and "toss[ed] [Plaintiff's] sack lunch as if it was trash," thereby causing Plaintiff's beans to bust, which "contaminat[ed] [Plaintiff's] food" [*Id.*];

3

4. On May 20, 2022, while Plaintiff was "waiting to go to medical for chest pains," Plaintiff hit an emergency button and told Defendant Officer Adjereno[1] that he needed to use the restroom [*Id.*]. Defendant Officer Adjereno then asked Plaintiff if he wanted to kill himself out of the blue, at which point a security officer took Plaintiff to medical for saying he was suicidal even though he had not done so [*Id.*]. An hour or two later, the medical staff cleared Plaintiff, at which point he was placed back in a cell with no containers and no finger food [*Id.* at 4, 6]. Defendant Adjereno then told the security officer that Plaintiff threatened to throw feces on him, and Plaintiff was charged with threats and received thirty days "[i]n [the] hole. Due to lies and unprofes[s]ionalis[]m" [*Id.* at 6];

5. On May 25, 2022, an unnamed officer who had escorted Plaintiff to speak with homicide officers on the previous day asked Plaintiff if he wanted the officer to tell the other inmates where the officer had escorted him on the previous day [*Id.*];

6. On June 24, 2022, Plaintiff filed a grievance regarding inmates housed in 1D not receiving "at least 1 hour out [] [for] near[ly] [four] day[s] [i]n a row," which Plaintiff asks the Court to "credit [] to" Defendant Sheriff Spangler [*Id.*];

7. On June 26, 2022, during a search of Plaintiff's cell, Defendants Cpl. Allen, Officer Morrel, and Officer Sparks took tore open and tampered with a mail envelope that Plaintiff in his cell had ready to send [*Id.* at 6–7];

8. On June 30, 2022, Defendant Officer Fight intervened in a heated discussion between Plaintiff and a Caucasian inmate in the recreation yard and had Plaintiff and the other inmate lock down [*Id.* at 7]. Then, after Defendant Officer Fight, who is also Caucasian, took the cuffs off Plaintiff, he allowed the other inmate to finish his recreation [*Id.*];

9. On July 2, 2022, Plaintiff filed a grievance against Defendants Cpl. Allen and Officer Adjereno based on an incident that occurred on June 30, 2022, in which jail officials discovered that Plaintiff and a Caucasian inmate had torn their bedsheets [*Id.*]. After this incident, Plaintiff was written up for destruction of county property, and Plaintiff's bedsheets were taken and had not been returned as of July 11, 2022, but the Caucasian inmate did not lose his bed sheets or receive a disciplinary sanction [*Id.*]; and

10. On July 1, 2022, Defendant Officer Baker called Plaintiff a snitch in front of multiple inmates, thereby putting Plaintiff's life in danger [*Id.*].

---

[1] While Plaintiff spells this Defendant's name differently throughout his complaint, the Court uses the spelling Plaintiff used in the style of his complaint [*Id.* at 1].

4

Plaintiff then sets forth various allegations regarding suicide watch, fear for his life, and discrimination, among other things, that he does not direct toward any named Defendant [*Id.*]. Plaintiff has sued Sheriff Tom Spangler, Cpl. Baker, Cpl. Allen, C.O. Morrel, C.O. Fight, C.O. Sparks, Cpl. Harris, C.O. Coger, C.O. Webb, C.O. Adjereno, and C.O. Sparks [*Id.* at 1]. As relief, Plaintiff seeks a trial and nine million dollars from the Knox County Sheriff's Office [*Id.* at 5].

### 2. Analysis

First, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 against Defendant Sheriff Spangler. As set forth above, Plaintiff's only allegations in his complaint against this Defendant are that (1) he is liable for all of Plaintiff's claims because of his supervisory position as Sheriff, and (2) the Court should "credit" Plaintiff's claim regarding a lack of outdoor recreation for a pod for "near[ly] [four] day[s] [i]n a row" to this Defendant [*Id.* at 3, 6]. However, Defendant Sheriff Spangler may not be liable under § 1983 based solely on his supervisory position. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). And Plaintiff has not set forth specific facts in his complaint from which the Court can plausibly infer that Defendant Sheriff Spangler "directly participated, encouraged, authorized[,] or acquiesced" in any violation of Plaintiff's constitutional rights alleged in the complaint, such that he may be liable for any of Plaintiff's claims under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). As such, Defendant Sheriff Spangler is **DISMISSED**.

Additionally, as the Court noted above, the only relief Plaintiff seeks in his complaint is (1) a trial, and (2) monetary damages from Knox County [*Id.* at 5]. But Defendants cannot provide Plaintiff a trial, and thus it is apparent that this request does not apply to them. And while Plaintiff also requests monetary damages from Knox County, Plaintiff has not sued Knox County, nor does his complaint allow the Court to plausibly infer that a custom or policy of Knox County has caused any violation of Plaintiff's constitutional rights, such that the Court could liberally construe the complaint to state a claim for relief against Knox County. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Thus, Plaintiff's demand for relief from Knox County is not cognizable herein and it is **DISMISSED**.

Accordingly, the complaint does not contain any cognizable demand for relief from Defendants, and it therefore fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 8(a) (providing that "a pleading that states a claim for relief must contain . . . a demand for the relief sought"). Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[2] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that

---

[2] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

"[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

However, the Court notes that many of Plaintiff's remaining claims in his complaint are unrelated and against different Defendants. As such, all of those claims would not be properly joined in any amended complaint Plaintiff files under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich.

7

2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

As such, Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Both Defendant Sheriff Spangler and Plaintiff's demand for monetary relief from Knox County are **DISMISSED**;

6. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

7. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

8. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

9. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

8

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE